IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD PRUDEN,       :
          :
    Plaintiff,       :   CIVIL NO. 3:CV-06-2007
          :
    v.       :   (Judge Caputo)
          :
DOCTOR LONG, *et al.*,       :
          :
    Defendants.       :

## M E M O R A N D U M

### I.    Background

Plaintiff, Ronald Pruden, an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") at Huntingdon, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff alleges that while he has been confined at SCI-Smithfield he has been denied adequate medical care, he has been assaulted by a corrections officer, and he has been denied proper clothing. For relief, he seeks transfer from the state prison system to the federal prison system. For the reasons that follow, Plaintiff's complaint will be dismissed without prejudice, and he will be given the opportunity to file an amended complaint which must comport with the requirements of the Federal Rules of Civil Procedure. Failure to do so will result in dismissal of this case with prejudice.

### II.    Discussion

Plaintiff is proceeding *pro se,* and such parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Plaintiff's complaint alleges three unrelated claims against different defendants. Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, states, in pertinent part:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). The claims in the complaint do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not have a question or law or fact common to all defendants.

Rule 20 is a flexible rule that allows for fairness and judicial economy. Rule 20(a) permits joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact. The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 144 (E.D. Pa. 2001) (*citing* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 395 (3d ed. 2001)). Instead of developing one generalized test for ascertaining whether or not a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, the courts have adopted a case by case approach. *Id.* When the district court decides pre-trial issues, as whether the particular facts warrant joinder, its decision is subject to review only for abuse of discretion. *Mizwicki v. Helwig*, 196 F.3d 828, 833 (7th Cir. 1999).

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the Supreme Court held that "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties

and remedies is strongly encouraged." Consistent with this policy, the transaction and common question requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the Eighth Circuit Court of Appeals has noted that the policy of liberal application of Rule 20 is not a license to join any and all claims and defendants in one lawsuit:

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Plaintiff's disparate claims share neither common legal issues nor common facts, and accordingly they are inappropriate for joinder under Rule 20. A careful reading of Plaintiff's allegations shows that the only common thread they all share is that they allegedly occurred while he was incarcerated at SCI-Smithfield; the Defendants and the alleged actions are relatively unrelated, and they do not satisfy the elements of joinder.

There also exists another important reason for requiring compliance with Rule 20. The Prison Litigation Reform Act of 1995 ("PLRA") substantially changed the judicial treatment of civil rights actions by state and federal prisoners. One major change was that pursuant to the PLRA, the full filing fee ultimately must be paid, at least in a non-habeas action. In being permitted to combine in one complaint three separate, independent claims, Plaintiff is able to circumvent the filing fee requirements of the PLRA.

3

Moreover, Plaintiff's complaint fails to comply with Fed. R. Civ. P. 8. Although there is not a heightened pleading standard in § 1983 cases,[1] a § 1983 complaint must bear reasonable relation to the rules. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader. *See* Fed. R. Civ. P. 8(a). Plaintiff's complaint lacks specific allegations of time and place, and the complaint fails to identify the Defendant(s) allegedly committing the wrongful acts which are the bases of his claims. "A complaint which contains a bare bones allegation that a wrong occurred . . . does not provide adequate notice." *Walker v. South Central Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990). The complaint fails to name specific individuals allegedly responsible for his injuries or supposedly demonstrating deliberate indifference to his medical needs. Thus, the complaint precludes a meaningful response from Defendants and it fails to satisfy the notice pleading requirements of Rule 8. *Alston v. Simmon*, 363 F.3d 229, 233 (3d Cir. 2004).

Similarly, the complaint fails the requirements of Rule 10. The averments are not set forth in numbered paragraphs relating to one set of circumstances, as required. This non-compliance is not merely a technical defect, but frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The lack of numbered paragraphs precludes a point of reference for the Defendants'

---

[1] *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). The United States Supreme Court rejected a heightened pleading standard, noting that a §1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at 167.

answer(s), and the Court is unable to determine which allegations relate to which claim(s) and which Defendant(s).

Accordingly, the complaint is subject to *sua sponte* dismissal by the Court for failure to comply with Rules 8, 10 and 20.  Such dismissal will be ordered with leave to file an amended complaint.  *See Salahudin v. Cuomo*, 861 F.2d 40 (2d Cir. 1988).  Plaintiff is also reminded that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  *Young v. Keohane*, 809 F.Supp. 1185 (M.D.Pa. 1992).  The amended complaint should set forth Plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should specify the actions taken by a particular Defendant, be signed, and indicate the nature of the relief sought.  Further, the claims set forth in the amended document should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. If Plaintiff fails to timely file an amended complaint adhering to the standards set forth above, this case will be closed.  An appropriate Order follows.


Dated: October 24, 2006.         /s/ A. Richard Caputo
                                 A. RICHARD CAPUTO
                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RONALD PRUDEN,**  :
   :
    **Plaintiff,**  :  **CIVIL NO. 3:CV-06-2007**
   :
**v.**  :  **(Judge Caputo)**
   :
**DOCTOR LONG, *et al.*,**  :
   :
    **Defendants.**  :

## O R D E R

**AND NOW, THEREFORE, THIS 24th DAY OF OCTOBER, 2006,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is construed as a motion to proceed without prepayment of fees and costs, and the motion is **GRANTED**.

    2. Plaintiff's Complaint is dismissed for failure to comply with the Federal Rules of Civil Procedure.

    3. Within twenty (20) days from the date of this Order, Plaintiff may file an Amended Complaint in accordance with Federal Rules of Civil Procedure.

    4. Failure to submit an Amended Complaint in accordance with the attached Memorandum will result in the closure of this case.

    /s/ A. Richard Caputo
    A. RICHARD CAPUTO
    United States District Judge