IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD PRUDEN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-2007** |
| | : | |
| **v.** | : | **(Judge Caputo)** |
| | : | |
| **Correction Officer NORRIS, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff, Ronald Pruden, an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") in Huntingdon, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint under the provisions of 42 U.S.C. § 1983. Subsequently, he filed an affidavit which was construed by the Court as a First Amended Complaint. Plaintiff alleges that while he has been confined at SCI-Smithfield he has been denied adequate medical care.

Presently before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 16). Although Plaintiff's brief in opposition and his counter-statement of facts are now overdue, he has neither made an appropriate filing nor requested an extension of time in which to do so.

A dispositive motion generally may not be granted merely because it is unopposed. Since Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure," *Anchorage Assoc. v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990), the disposition of an unopposed motion ordinarily requires a merits analysis. The United States Court of Appeals for the Third

Circuit has stated, however, that Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Local Rule 7.6 provides that if a party fails to file an opposing brief within fifteen (15) days after service of the movant's brief, the motion will be deemed unopposed. Based on his failure to take any action in response to motion to dismiss, it would appear that Plaintiff may have abandoned interest in pursuing this matter. However, the Court will grant additional time for the Plaintiff to respond to the motion and direct him to file a brief in opposition and a counter-statement of facts within fifteen (15) days. If Plaintiff fails to oppose the motion or otherwise communicate with the Court within fifteen (15) days of the date of this Order, the motion to dismiss will be deemed unopposed and granted without a merits analysis, and the Court may consider dismissing this case for failure to prosecute and failure to comply with a court Order under FED.R.Civ.P. 41(b).

**AND NOW, THEREFORE, THIS 6th DAY OF MARCH, 2007, IT IS HEREBY ORDERED THAT** Plaintiff shall file a brief in opposition and counter-statement of facts to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 16) within fifteen (15) days of the date of this Order. If Plaintiff fails to file the brief in opposition the Court will deem the motion to dismiss unopposed under M. D. Pa. L. R. 7.6, and the Court will dismiss the case without a merits analysis. *See* M.D. Pa. Local Rule 7.6; FED. R. Civ. P. 41(b)*; Stackhouse*, 951 F.2d at 30.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

2